THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Doral Bank,**<br><br>**Plaintiff/Counter-defendant,**<br><br>v.<br><br>**ESTATE OF CARMEN LYDIA OTERO GARCÍA, et al.,**<br><br>**Defendants/Counter-claimants.** | Civil No. 15-02155 (ADC) |

## OPINION & ORDER

Plaintiff Federal Deposit Insurance Corporation, in its capacity as receiver for Doral Bank ("FDIC-R"), has moved the Court to dismiss the counterclaims presented against them by the Estate of Carmen Lydia Otero-García, consisting of José Negrón-Otero, Dalila Cruz-Otero, and Carmen Cruz-Otero ("defendants"). **ECF No. 11.** Defendants have not filed an opposition to the FDIC-R's motion to dismiss, therefore waiving any objections to it. *See* L. Civ. R. 7(b). For the reasons explained below, FDIC-R's motion to dismiss is **GRANTED**.

### I. Background

On July 17, 2014, Doral Bank filed a mortgage-foreclosure action against Carmen Lydia Otero-García in the Puerto Rico Court of First Instance San Juan, Superior Part. **ECF Nos. 1-3 at** 1-3**; 9-1** at 1-8. Nevertheless, on November 13, 2014, Doral Bank amended the complaint to include Carmen Lydia Otero-García's heirs. **ECF Nos. 1-3 at** 9-12**; 9-1** at 9-16. On April 20, 2017, defendants filed their answer to the complaint and counterclaim. **ECF Nos. 1-3** at 24-25; **9-1** at

22-27. Defendants counterclaimed alleging that the debtor, Carmen Lydia Otero-García, filed a bankruptcy petition under Chapter 13 and made payments under the bankruptcy plan that the plaintiff has not recognized. Furthermore, defendants contended that due to the plaintiff actions, they had suffered serious and profound mental anguish that are estimated to be in the sum of $100,000.00. **ECF Nos. 1-3** at 19; **9-1** at 5-6.

On February 27, 2015, while the action was still pending in the Puerto Rico Court of First Instance, the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico closed Doral Bank and appointed the FDIC as receiver (FDIC-R). **ECF No. 11-1** at 2. As receiver, the FDIC-R took over all of Doral Bank's rights, titles, and interests in the assets pursuant to 12 U.S.C. § 1821(d). *Id*.

Once the FDIC-R took over as receiver, it published notice to all Doral Bank creditors in various local newspapers. **ECF No. 11-1** at 2. The aforementioned notice informed the customers of the receivership and advised them that the time to submit any administrative claims for recovery against the FDIC-R for the actions of Doral Bank would expire on June 4, 2015. *Id*.

On May 12, 2015, the FDIC-R mailed to the defendants a Notice to Discovered Claimant to Present Proof of Claim, as well as a Proof of Claim Form, to be submitted on or before July 4, 2015. **ECF Nos. 11-1** at 2**, 11-2.** Defendants did not file a Proof of Claim Form. **ECF No. 11** at 3-4. On June 6, 2015, the FDIC-R filed a motion requesting to be substituted in place of Doral Bank in the counterclaim before the Puerto Rico Court of First Instance. **ECF No. 7** at 2. On June 8, 2015, the aforementioned court ordered the substitution of the FDIC-R, in place of Doral Bank.

*Id.* Additionally, it stayed the proceedings for a period of ninety (90) days pursuant to 12 U.S.C. § 1821(D)(12)(d). **ECF No. 9-1** at 28.

On August 21, 2015, the FDIC-R removed this action to federal courts under 12 U.S.C. § 1819(b)(2)(B). **ECF No. 1.** Once the case was removed, the FDIC-R filed a Motion for Temporary Waiver and Stay of Local Rule 5(g), requesting leave to file relevant documents in Spanish and wishing to wait "until such a time, if any, when the administrative requirements under FIRREA[1] are timely exhausted by the claimants and this court acquires subject matter jurisdiction over the claim." **ECF No. 2** at 8. On October 2, 2015, the Court denied the FDIC-R's Motion for Temporary Waiver and Stay of Local Rule 5(g) and ordered them to file a status report explaining what had transpired in state court and identifying what remained pending before this forum. **ECF No. 4.** On October 9, 2015, plaintiff filed a status report in compliance with the Court's order. **ECF No. 7.** Furthermore, on October 14, 2015, the Court ordered defendants to file a proof of claim within a 30-day period-- that is, until November 13, 2015. **ECF No. 8.** Defendants did not file any document then, or by the bar date.

On February 7, 2017, the FDIC-R moved the Court to dismiss defendants' counterclaims with prejudice for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12 (b)(1). **ECF No. 11**. Essentially, the FDIC-R argues that the current action must be dismissed with prejudice because defendants failed to file a Proof of Claim Form, which they were required to do within ninety

---

[1] Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821, et seq.

(90) days from the FDIC-R's Notice to Discovered Claimant to Present Proof of Claim, pursuant to U.S.C. § 1821 (d)(13)(D) and (d)(5)(C)(i).

## II.     Legal Standard

Federal courts are courts of limited jurisdiction, and the party asserting jurisdiction has the burden of demonstrating its existence. *See Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). "Federal courts are obliged to resolve questions pertaining to subject-matter jurisdiction before addressing the merits of a case." *Acosta-Ramírez v. Banco Popular de Puerto Rico*, 712 F.3d 14, 18 (1st Cir. 2013). If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004). Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss an action for lack of federal subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). When a district court is considering a motion to dismiss, it "must construe the complaint liberally, treating all well pleaded facts as true and drawing all reasonable inferences in favor of the Petitioners." *Viqueira v. First Bank,* 140 F.3d 12, 16 (1st Cir. 1998) (citing *Royal v. Leading Edge Prods.*, Inc., 833 F.2d 1 (1st Cir. 1987)). In evaluating a motion to dismiss for lack of subject-matter jurisdiction, the court may look beyond the complaint and the motion to dismiss, and consider extrinsic materials. *Dynamic Image Technologies, Inc. v. U.S.*, 221 F.3d 34, 37 (1st Cir. 2000).

## III.    Discussion

"FIRREA gives the FDIC authority to act as receiver or conservator for failed institutions." *Acosta-Ramírez*, 712 F.3d 14 at 18 (citation omitted). When the FDIC acts as a

conservator or receiver, it takes over the insured depository institution in all of its rights, titles, powers, privileges and assets. 12 U.S.C. § 1821(d)(2)(A)(i). FIRREA also establishes a mandatory statutory claims process, "designed to create an efficient administrative protocol for processing claims against failed banks." *Acosta-Ramírez*, 712 F.3d at 19. The administrative claims process, set forth in 12 U.S.C. §§ 1821(d)(3)-(13), requires that all claims be submitted to the FDIC by a date established by the receiver. *Rodríguez v. F.D.I.C.*, No. 10-1656, 2011 WL 4529929 at *3 (D.P.R. Sept. 27, 2011). It is mandatory to exhaust this administrative process, and plaintiff's failure to comply with its terms deprives a court of subject matter jurisdiction. *Acosta-Ramírez*, 712 F.3d at 19.

The statutory claims regime has three steps with specific deadlines for each:

> FIRREA's statutory claims process requires the FDIC, upon appointment as receiver, to publish notice that the failed institution's creditors must file claims with the FDIC by a specified date, which must be at least ninety days after publication of the notice. 12 U.S.C. § 1821(d)(3)(B)(i). If a claim is filed, the FDIC has 180 days to determine whether to approve or disallow the claim. Id. § 1821(d)(5)(A)(i). Claimants then have sixty days from the date of disallowance or from the expiration of the 180–day administrative decision deadline to seek judicial review in an appropriate federal district court (or to seek administrative review). Id. § 1821(d)(6)(A). *Acosta-Ramírez*, 712 F.3d at 19.

In the instant case, the FDIC-R sent a notice to defendants on May 12, 2015, informing that it had been appointed receiver of Doral Bank. **ECF No. 11-2**. Once the defendants received notice of receivership, along with a Proof of Claim Form, defendants had ninety (90) days to file the Proof of Claim Form before the FDIC-R. Upon careful examination of all documents presented before this Court, the Court holds that defendants have not filed the necessary Proof

of Claim. Accordingly, under FIRREA, the Court must dismiss defendants' claim against the FDIC-R. Inasmuch as the FDIC-R met its obligations regarding publication and the mailing of notice of receivership to defendants, the defendants' failure to submit a proof of claim by the deadline indicated in the notice deprives them of their right to assert the claim in court. *Marquis v. FDIC-R*, 965 F.2d 1148, 1151 (1st Cir. 1992).

In short, by not filing a Proof of Claim Form before the FDIC-R, defendants failed to comply with the administrative procedure established in 12 U.S.C. § 1821, for which the Court lacks subject-matter jurisdiction to consider defendants' claim against the FDIC-R. *See* 12 U.S.C. 1821(d)(13)(D); *F.D.I.C. v. Estrada-Colón*, 848 F. Supp. 2d 206, 213 (D.P.R. 2012); *F.D.I.C. v. Estrada-Rivera*, 813 F. Supp. 2d 265, 270 (D.P.R. 2011), aff'd on other grounds, *F.D.I.C. v. Estrada-Rivera*, 722 F.3d 50 (1st Cir. 2013).

### IV. Conclusion

For the reasons discussed herein, the FDIC-R's motion to dismiss defendants' counterclaims, **ECF No. 11**, is **GRANTED**. The counterclaims are hereby **DISMISSED WITH PREJUDICE**.

Clerk of the Court is to enter judgement accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 19th day of July, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**